# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHAWNA D. MILES, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 16-CV-20-JED-JFJ |
| | ) |
| AMERICAN RED CROSS, a/k/a | ) |
| AMERICAN RED CROSS SOUTHWEST | ) |
| BLOOD SERVICES REGION, | ) |
| | ) |
|       Defendant. | ) |

## OPINION AND ORDER

On September 29, 2017, this Court granted Defendant's Motion for Summary Judgment as to Plaintiff's failure-to-accommodate and retaliation claims under the ADA, as well as her claims of intentional infliction of emotional distress, violation of her personal rights pursuant to *Okla. Stat.* tit. 76, § 6, and negligent training, hiring, and supervision. (Doc. 135 at 29). The Court denied summary judgment as to Plaintiff's wrongful termination claim. (*Id.*). Now before the Court are Plaintiff's Motion for New Trial (Doc. 138) and Defendant's Motion for Reconsideration (Doc. 142). Plaintiff is asking the Court to reconsider its decision on her failure-to-accommodate and retaliation claims, whereas Defendant is asking the Court to reconsider its decision in regard to Plaintiff's wrongful termination claim.

Under Fed. R. Civ. P. 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time

1

before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." The Court has considered the parties' motions and their arguments to revise the Court's summary judgment order, but finds no justification for such a revision.

I.  **Wrongful Termination**

In the Opinion and Order addressing Defendant's Motion for Summary Judgment, this Court held that Plaintiff had carried her burden in establishing a genuine dispute as to whether her employer's actions were pretextual. (Doc. 135 at 17). The Court based this holding on a determination that a reasonable jury could find that Plaintiff met her responsibilities under Defendant's "Return to Work" policy, and, therefore, Defendant's decision to terminate her based on a failure to return the so-called "ADA questionnaire" was inconsistent with that policy. (*Id.*). The Defendant now asks for a reconsideration of this holding, suggesting that the Court misapprehended the law. (Doc. 142 at 2). Upon review of Defendant's Motion for Reconsideration, the Court finds no reason to disturb its original conclusion that Plaintiff carried her burden in showing pretext.

"A plaintiff may . . . show pretext by demonstrating 'the defendant acted contrary to a written company policy,' an unwritten company policy, or a company practice 'when making the adverse employment decision affecting the plaintiff." *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 970 (10th Cir. 2017) (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000). However, "[t]he mere fact that an employer failed to follow its own internal procedures does not necessarily suggest that the substantive reasons given by the employer for its employment decision were pretextual." *Cox v. Lockheed Martin Corp.*, 545 F. App'x 766, 773 (10th Cir. 2013) (quoting *Berry v.*

2

*T-Mobile USA, Inc.*, 490 F. 3d 1211, 1222 (10th Cir. 2007)). Instead, "[t]he determinative question is whether 'a reasonable factfinder could rationally find [the employer's rationale] unworthy of credence and hence infer that the employer did not act for the asserted nondiscriminatory reasons.'" *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1308 (10th Cir. 2017) (alteration in original) (quoting *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1196 (10th Cir. 2011)). Under the "honest-belief doctrine," the court's role is not to ask "whether the employer's decision was wise, fair or correct, but whether it honestly believed the legitimate, nondiscriminatory reasons it gave for its conduct and acted in good faith on those beliefs." *Id.* at 1307 (internal brackets and quotation marks omitted) (quoting *Johnson v. Weld Cty., Colo.*, 594 F.3d 1202, 1211 (10th Cir. 2010)).

The Court finds that Plaintiff presented evidence from which a reasonable jury could infer that Defendant did not honestly believe the legitimate, nondiscriminatory reason it gave for terminating her. In other words, a reasonable jury could find that Defendant used the questionnaire as pretext.

As noted in this Court's summary judgment order, Plaintiff presents evidence that she made efforts to keep Defendant informed regarding her medical situation. She turned in her Work Activity Status Reports, which included information from each doctor appointment (Doc. 91-12 at 3 [Dep., p. 66]), she called several American Red Cross employees while she was on leave from work (*id.* at 10 [Dep., p. 234]), and she filled out a medical release form so that the organization could contact her doctor directly (Doc. 91-14 at 16 [Dep., p. 143]).

Other evidence, viewed in the light most favorable to Plaintiff's position, further supports a reasonable inference of pretext. Plaintiff stated in her deposition that her supervisor, Mr. Stephens, had instructed her in the past to work on creating a "paper trail" for other employees with restrictions that Mr. Stephens no longer wanted to accommodate. (Doc. 91-29 at 6 [Dep., p. 114]) ("But whenever it came time and he had accommodated . . . for what he deemed to be long enough, Shan [Stephens] has said to me on several occasions, I want them to go on your team because I know that you'll do a paper trail and I'll just use your paper trail . . . ."). Later, when Plaintiff herself was injured, Mr. Stephens helped make the decision to fire her days before her next doctor's appointment, despite advice from a member of Defendant's Safety Department to "wait to see if there is some improvement at [Plaintiff's] next office visit 2-18-2015." (Doc. 91-19 at 3, 6-7). Construing this evidence in favor of Plaintiff, a reasonable factfinder could find Defendant's rationale for firing Plaintiff "unworthy of credence."

## II. Failure to Accommodate

In her Motion and Supporting Brief, Plaintiff contends that the Court erred in finding a lack of genuine dispute as to the existence of reasonable accommodations. (Doc. 138). First, Plaintiff points to the "Collection Mobile Staff Task List for Restricted Duty Guideline" (Doc. 91-27 at 2-3) as evidence of reasonable accommodations. However, this Task List does not identify any accommodations that would enable Plaintiff to perform the job functions at issue—i.e., performing phlebotomies, setting up blood drives, and taking donor health histories. In fact, it lists "Site Set-up and Breakdown," "Perform Phlebotomy," and "Health History – Set-up/Work" as suggested tasks for employees with

4

lifting restrictions. (*See* Doc. 91-27 at 2). These are not accommodations to enable Plaintiff to perform certain job functions, these are the job functions themselves.

The Task List and the deposition testimony of Mr. Stephens and Ms. Kellum identify some alternative tasks that Plaintiff may have been able to perform, such as making cool cloths (*id*. at 2) and running errands for the mobile blood drive units (*id*. at 11 [Dep., p. 97]). However, these alternative tasks are also not reasonable accommodations. If performing phlebotomies, setting up blood drives, and taking donor health histories are deemed to be essential functions of Plaintiff's job, the law does not require Defendant to relieve Plaintiff of those functions by assigning her other tasks. As stated in the Court's summary judgment order, the Tenth Circuit has made clear that "an employee's request to be relieved from an essential function of her position is not, as a matter of law, a reasonable or even plausible accommodation." *Mason v. Avaya Commc'ns.*, 357 F.3d 1114, 1122 (10th Cir. 2004). "Accommodation does not require the employer to create a new job." *Mathews v. Denver Post*, 263 F.3d 1164, 1169 (10th Cir. 2001).

## III. Retaliation

Lastly, Plaintiff asserts that she provided sufficient evidence to establish a prima facie case for her retaliation claim. (Doc. 138 at 6). The Court disagrees. Even if some of Plaintiff's requests for accommodations occurred closer to her termination date than the Court recognized in its prior order, the Court still finds that no reasonable jury could infer retaliatory intent from the evidence presented. Instead of giving rise to a reasonable inference that Defendant terminated Plaintiff in retaliation for requesting accommodations, the evidence provided by Plaintiff shows American Red Cross employees asking Plaintiff

to provide them with potential accommodations. In a letter sent to Plaintiff on January 7, Ms. Dodson and Ms. Hinnerichs state that "[w]e would like to know if there are any workplace accommodations we could provide you that would allow you to return to work . . . ." (Doc. 91-17 at 2). On January 9, in an email from Ms. Hinnerichs to other American Red Cross employees, Ms. Hinnerichs states that she told Plaintiff that "what we really need right now is . . . if there are any workplace accommodations we could consider providing her that would allow her to return to work." (Doc. 91-17 at 5). Even if there was close temporal proximity between Plaintiff's requests for accommodation and her termination, this temporal proximity alone is insufficient in this case to establish Plaintiff's prima facie case, given the evidence that Defendant was actively seeking accommodation ideas from Plaintiff.

For the above-mentioned reasons, the Court finds it inappropriate to reconsider its holdings in its Opinion and Order (Doc. 135). Plaintiff's Motion for New Trial (Doc. 138) and Defendant's Motion for Reconsideration (Doc. 142) are hereby **denied**.

ORDERED this 19th day of December, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE